IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE J. CRAWFORD, AS RECEIVER FOR DENNEL FINANCE LIMITED | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action Number: MC-03-C-2348-S |
| MARVIN BECKMAN and RONALD SMITH. | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Pending before this Court is Defendant's Rule 60(b)(4) Motion for Relief From Judgment and Rule 62(b) Stay of Garnishment Proceedings. For the reasons stated herein, the Motion for Relief From Judgment and Stay of Garnishment Proceedings is due to be denied.

**I. FACTUAL BACKGROUND**

On March 12, 2001, Plaintiff was appointed as Receiver and filed an action against Defendant in the United States District Court for the Northern District of Texas, Dallas Division, Civil Action No. 3-01 CV-0481-R. (Def. Mem. at 2.) The complaint alleged that Defendant was involved in a scheme to defraud investors, in violation of, among other things, the Securities and Exchange Act of 1934. (*Id.*)

Defendant was served with process under 15 U.S.C. § 78aa, which provides for nationwide

1

service of process where "any act or transaction constituting the violation occurred." (*Id.*) On April 16, 2001, Defendant filed an Answer, complaining that personal jurisdiction did not exist. (*Id.*) Moreover, on November 30, 2001, Defendant filed a Motion to Dismiss, again asserting that personal jurisdiction did not exist over him. (*Id.*) Despite actual notice of the trial of the case, Defendant did not appear. (Pla. Mem. at 3.) On May 9, 2002, a Final Judgment was entered in the amount of $80, 786.03 against Defendant.

Currently, the Judgment is registered before this Court pursuant to 28 U.S.C. §1963. After registering the judgment, Plaintiff/Receiver instituted garnishment proceedings against Defendant, served upon AmSouth Bank, 1900 5th Avenue North, Birmingham, AL, 35203, in the amount of $83,113.98. (Def. Mem. at 3.) Defendant now moves this Court to vacate the Judgment of the Northern District of Texas, pursuant to Rule 60(b)(4).

## II. DISCUSSION

### A. 28 U.S.C. § 1963

Section 1963 of Title 28 provides:

> A judgment in an action for the recovery of money. . . in any district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (2003). Thus, under the statute, a final judgment may be registered in another district, and the registration court *shall* enforce the judgment in the same manner as would the rendering district. See Wright, Miller, & Kane, Federal Practice and Procdure: Civil 2d § 2787 (1995).

Whether a registration district has the authority to void a judgment rendered by another district court under Rule 60(b) is a somewhat unsettled question. See Harper Macleod Solicitors v.

Keaty & Keaty, 260 F.3d 389, 394 (5th Cir. 2001); see also Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2787 at 36 (1995). Although typically, relief would be sought by the rendering court, the majority of circuits have suggested that a registration court may rely on Rule 60(b)(4) to void a default judgment where the rendering court lacked jurisdiction over the defendant. See Indian Head Nat. Bank of Nashua v. Brunelle, 689 F.2d 245, 249 (1st Cir. 1982); Covington Indus., Inc. v. Resintex A.G., 629 F.2d 730, 733 (2d Cir. 1980); F.D.I.C. v. Aaronian, 93 F.3d 636, 639 (9th Cir. 1996); Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 394 (5th Cir. 2001); Morris ex rel. Rector v. Peterson, 759 F.2d 809, 811 (10th Cir. 1985); Cf Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1034 (7th Cir. 2000) (holding that Rule 60(b) motions must be presented to rendering court, but allowing registering court to "disregard the judgment . . . if the rendering court lacked jurisdiction").

This Court concurs in the prevailing view of most courts that registering courts may use Rule 60(b)(4) to void judgments rendered by other district courts. However, even though this Court will entertain Defendant's Motion, another barrier blocks this Court from granted the relief sought.

**B.** *Res Judicata*

"If a party puts the issue of personal jurisdiction before a court, which then finds that jurisdiction was properly established, that decision is conclusive unless reversed on direct appeal." United States v. Timmons, 672 F.2d 1373, 1378 (11th Cir. 1982); see also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, n. 9 (1982) ("It has long been the rule that principles of *res judicata* apply to jurisdictional determinations–both subject matter and personal."). However, in those cases where the defendant makes no appearance and the judgment is entered by default, the defendant may attack the judgment in another forum by

3

showing that the rendering court lacked personal jurisdiction. See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc., 734 F.2d 639, 640-641 (11th Cir. 1984); see also Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 154 (5th Cir. 1974).

It is undisputed that Defendant filed an Answer in the Texas lawsuit, alleging that the Texas Court lacked personal jurisdiction over him. Additionally, Defendant filed a Motion to Dismiss the Complaint against him, again arguing that personal jurisdiction did not exist. Nonetheless, the Texas Court found that it had personal jurisdiction.

Having fully litigated the issue of personal jurisdiction before the Texas Court, Defendant is now precluded by the doctrine of *res judicata* from raising the issue in this Court.

## CONCLUSION [1]

Accordingly, Defendant's Rule 60(b)(4) Motion for Relief From Judgment and Rule 62(b) Stay of Garnishment Proceedings will be DENIED by separate order.

Done this 17th day of September, 2003.

_____
Chief United States District Judge
U.W. Clemon

---

[1] The parties' disagreement as to whether Fifth or Eleventh Circuit precedent should apply to the personal jurisdiction analysis is irrelevant. Defendant litigated the personal jurisdiction issue before the Texas Court, and its finding that personal jurisdiction existed was final. At that point, Defendant's only recourse was to directly attack that judgment, either by filing a Rule 60(b) motion with that court or by appeal. See United States v. Timmons, 672 F.2d at 1378.